## Sarah E. Franklin, Appellee, v. The Continental Casualty Company (Incorporated), Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Tazewell county; the Hon. THEODORE N. GREEN, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed October 16, 1913. Rehearing denied November 5, 1913.

### Statement of the Case.

Action by Sarah E. Franklin against The Continental Casualty Company, incorporated, to recover upon an accident policy issued by defendant to plaintiff's husband in his lifetime. From a judgment in favor of plaintiff for $531.37, defendant appeals.

Appellant insists it is not liable, claiming that representations in the application for insurance were made warranties, that insured misrepresented his age and that insured met death by natural causes, under a

policy payable only on condition that death be caused by accident, violent and external means, without the intervention, directly or indirectly, of any other cause, and contends that the court erred in the admission and rejection of evidence and the giving and refusing of instructions.

RALPH DEMPSEY and W. R. CURRAN, for appellant; M. P. CORNELIUS, of counsel.

J. P. ST. CERNY and W. B. COONEY, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 697*—*when instruction limiting a coroner's verdict proper.* In an action for accident insurance on a policy payable only for accidental death caused by external and violent means without the intervention, directly or indirectly of any other cause, where a coroner's verdict is admitted in evidence stating that the insured "came to his death by pulmonary hemorrhage, said hemorrhage being caused by natural causes," an instruction eliminating from the consideration of the jury that part of the coroner's verdict finding that the pulmonary hemorrhage was produced by natural causes, *held* proper.

2. APPEAL AND ERROR, § 1455*—*when overruling demurrer to replication harmless.* Where a special plea filed by the insurer sets up that the insured misrepresented his age in the application for insurance and that such representation was made a warranty under the terms of the policy, and a replication thereto is filed denying that the age was material or in any way increased the risk, action of court in overruling defendant's demurrer to the replication *held* harmless, the cause being tried with the issue involved and there being no evidence in the record in support of the plea.

3. INSURANCE, § 686*—*when evidence sufficient to require question as to cause of death to be submitted to jury.* In an action to recover accident insurance, evidence offered by plaintiff showing that the insured fell, striking his chest upon a post and that within a short time thereafter blood began to flow from his mouth and nostrils as a result of hemorrhage of the lungs, *held* to show such a condition as to require the court to submit to the jury the ques-

tion as to how and in what manner the insured met his death, and refusal of court to direct a verdict for defendant *held* not error.

4. INSURANCE, § 613*—*burden of proving cause of death.* In an action for accident insurance, the burden of proof is on the plaintiff to show by a preponderance of all the evidence in the case that deceased came to his death as averred in the declaration, but where the plaintiff by its evidence makes a *prima facie* case the burden is on the defendant to rebut the same in accordance with his pleas.

5. INSURANCE, § 697*—*when instruction as to burden of proving cause of death not erroneous.* In an action for accident insurance, instructions as to the burden of proving cause of death *held* not to place the burden on defendant to prove by a preponderance of the evidence that deceased came to his death by reason of natural causes, in order to defeat recovery.